UNITED STATES *v*. LYONS (No. 2631)[1]

APPRAISEMENT—INLAND FREIGHT.

Goods were bought delivered at the port. It was shown that they could be bought at the factory for the invoice price less freight to the port and other charges. The freight should have been allowed in the appraisement.

United States Court of Customs Appeals, March 27, 1926

APPEAL from Board of United States General Appraisers, G. A. 8986 (T. D. 40843)

[Affirmed.]

*William W. Hoppin* and *Charles D. Lawrence*, Assistant Attorneys General (*Oscar Igstaedter* and *John A. Kemp*, special attorneys, of counsel), for the United States.

*Comstock & Washburn* (*Geo. J. Puckhafer* of counsel) for appellee.

[Oral argument January 19, 1926, by Mr. Igstaedter and Mr. Puckhafer]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Illuminating glassware, purchased from a glass factory in Bischofswerda, Saxony, Germany, for $1.65, American currency, delivered at Hamburg, was invoiced at $1.65 per dozen pieces, which included the value of the cases, 1,934.30 gold marks, turnover tax 105.40 gold marks, inland freight 702.90 gold marks, and consular fees 10.50 gold marks. The goods were entered for duty at their invoice value, less freight and consular charges. The goods were appraised at the invoice value less freight to Hamburg at 50 cents per hundred kilos.

The importer appealed to reappraisement and the single general appraiser allowed a deduction of 10.50 gold marks for consular fees from the invoice prices, but refused to allow any deductions whatever for freight charges from Bischofswerda to Hamburg. In other words,

---
[1] T. D. 41484.

the general appraiser appraised the glassware at the invoice value less consular fees.

From the judgment of the general appraiser an appeal was taken to the Board of General Appraisers, which held that the freight from Bischofswerda to Hamburg, 702.90 gold marks and the consular fees, 10.50 gold marks, should be deducted from the invoice values, and therefore modified the judgment of the single general appraiser in that particular. From the judgment of the Board of General Appraisers the Government appealed to this court and contends that the freight from the factory to Hamburg was part of the market value of the merchandise, and should not have been deducted from the invoice price.

It appears from the undisputed evidence in the case that freight was allowed by the appraiser at 50 cents in American money per 100 kilos and that that rate was an arbitrary rate fixed by the appraiser because of the difficulty of ascertaining the actual freight paid "during the days of the paper marks." When Germany went on a gold-mark basis, the actual freight paid was practically three times higher than that formerly paid in depreciated paper. Although 702.90 gold marks were actually paid for carrying the goods to Hamburg, the local appraiser refused to make any allowance other than 50 cents per 100 kilos, the rate arbitrarily fixed when the depreciated paper mark was the currency of Germany.

The positive and uncontradicted testimony of Lyons was that he purchased the goods at $1.65, American money, f. o. b. Hamburg, and that that price included not only freight and commissions, but all other charges as well; that the freight on the goods was paid by the factory, but charged to the importer; that the goods could be bought for delivery at the factory and that in such a case any factory would deduct from the purchase price of the merchandise railroad or other extra charges.

There is no evidence in the record showing or tending to show that illuminating glassware is sold at the factory for consumption in Germany at a price which includes the freight to Hamburg or at $1.65 per dozen pieces, less consular charges only. Indeed, the allowance by the appraiser of 50 cents per 100 kilos strongly corroborates the importer's statement that the freight rate to Hamburg is no part of market value, and that goods may be purchased for delivery at the factory for a price which does not include freight.

On the record as made we must hold that the charge for freight from Bischofswerda to Hamburg was no part of export or foreign value.

The judgment of the board is therefore *affirmed*.