UNITED STATES v. F. W. MYERS & CO., INC. (JOSEPH MILSTEIN)

No. 4498.—Invoices dated Sarnia, Ontario, Canada, May 29, 1933, etc.
   • Entered at Port Huron, Mich., May 29, 1933, etc.
   Entry Nos. A-1008, A-983, A-982.

## Third Division, Appellate Term

(Decided January 30, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellant.
*Strauss & Hedges* (*Eugene F. Blauvelt* of counsel) for the appellee.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: These are applications filed by the Assistant Attorney General for a review of the decision of the trial court involving certain beer brewing machinery imported from Canada. The total invoice value of all of the brewing equipment equalled $5,526.45, which included $26.45 for crating of delicate parts. On entry the sum of $1,267.91, being the amount paid for duty, was deducted, making the total entered value $4,252.54. The appraiser found that the invoice value, plus the packing, less $3\%_{00}$ of 1 per centum was correct, making the total value of the machinery and equipment $5,500. The deduction for duty was disallowed, and there was added the sum of $2,122.05 for loading and packing charges, the appraiser thus finding that the dutiable value of the machinery was $7,622, an advance of 75 per centum.

The facts, insofar as they involve the issues upon appeal, are very succinctly stated by the trial judge in his decision upon rehearing, which we quote as follows:

the plaintiff called Edward Colquitt, the examiner and acting appraiser at Port Huron, Mich. He testified that he had examined and passed the present importation; that he had seen the merchandise as it was installed in place for operation in the brewery at Sarnia, Ontario, and later in the freight cars at Port Huron; that only a portion thereof was cased or crated; that the cost of such crating was separately included in the entered and appraised values; that the balance of the articles, as to which no crating cost appeared on the invoice, was not cased, crated, or otherwise packed, but in such unpacked and uncrated condition was removed from the brewery and placed aboard the freight cars; that the reason he added the item for "loading and packing charges" was in his "opinion that that was an expense that became necessary for putting this merchandise or getting it ready for shipment aboard the cars"; that he had "determined that a certain amount had been paid for taking this machinery out of the brewery and getting it safely stowed on thirteen or fourteen cars," which amount he considered was

"a proper dutiable charge"; that of the gross amount of "loading and packing charges" only $26.45 "was actually the amount that was used in crating certain of the more delicate pieces of machinery"; and that the rest of the merchandise was not crated at all but was carried to the cars as pieces of metal.

Upon this evidence the court below determined that the amount added by the appraiser could not be treated as a packing charge and that the cost of carrying the machinery to the loading platform and loading it upon the freight cars was an expense of transportation and not a dutiable charge. It was therefore held below that the dutiable values of the brewing machinery were represented by the invoice values, plus the cost of crating, less $36\%_{00}$ of 1 per centum.

While the Government upon appeal in its statement under our rules made a number of assignments of error, many of which were repetitious and statements in the converse, we are of the opinion that the question before us on this appeal is whether certain items of loading and packing charges, which were returned as dutiable by the local appraiser, are proper dutiable costs, charges, and expenses, incident to placing the machinery in condition, packed, ready for shipment to the United States, as contemplated by section 402 (c) of the Tariff Act of 1930.

We can find no error in the conclusion reached by the lower court. The *per se* value of the machinery which totaled $5,500 was passed as correct by the acting appraiser, and is not here in question. The advance by the acting appraiser, outside of the disallowance of the deduction of duty, represented loading and packing charges. These charges were explained by the acting appraiser as representing the cost of taking machinery out of the brewery and safely securing in box cars. The only knowledge he had of dismantling charges was that he had been advised by a special agent investigating the transaction that the cost of dismantling the machinery was included in the amount of loading and packing charges which the appraiser has added to the entered value. The acting appraiser was of the opinion, however, that the act of dismantling the machinery and of the loading thereof was one operation, and he was unable to state what would be the cost of dismantling.

The major portion of the machinery was not packed. From all that appears it was carried from the floor of the brewery and loaded in the freight cars and secured so as to insure a safe journey. The cost of dismantling the machinery might be regarded as an expense incident to placing the merchandise in condition, packed ready for shipment. The cost thereof, if any, is included by the Government in nondutiable loading and stowing charges. Here, we must recognize that it is the Government who has failed to segregate the dutiable and nondutiable charges. . Had the importer been guilty of such an act, he would have been obliged to suffer the consequence of paying duty upon the value that included such nondutiable charges. If the cost

of loading and securing the merchandise in freight cars, as found by the appraiser also included an unestimated dismantling charge which should be included in the dutiable value, we can find no reason for holding that such loading charge, because of the undisclosed dutiable item, should take a dutiable status.

The Government raises the question of principal market, contending that it might be at some place other than the place of sale. It has been held that the principal market is the place where merchandise is sold. Sales create a market and are essential to its existence. *Lyons* v. *United States*, G. A. 8986, T. D. 40843, affirmed in *United States* v. *Lyons*, 13 Ct. Cust. Appls. 639, T. D. 41484. The market for second-hand machinery such as we have here is not on the siding where the freight cars were loaded. The market is at the brewery building, that being the place where the merchandise was sold. The machinery is packed, ready for shipment when in condition to be carried to the freight cars. If there is no packing necessary, none should bê added. The cost of stowing the machinery in the cars so as to insure a safe journey is no more an expense of preparing merchandise for shipment than the cost of stowing such articles safely in the hold of a vessel.

We are of the opinion that the values found by the court below correctly represent the dutiable value of the merchandise and judgment will therefore be entered affirming the action of the trial court.