BROADWAY DEPARTMENT STORE *v.* UNITED STATES

**No. 4610.**—Invoice dated Hong Kong, May 26, 1937.
 Certified May 27, 1937.
 Entered at Los Angeles, Calif., June 24, 1937.
 Entry No. 11470.

(Decided June 22, 1939)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

CLINE, Judge: This is an appeal for a reappraisement of certain rattan furniture imported from Kwong Tai Cheong of Hong Kong, China. The invoice was certified by the United States consul on May 27, 1937.

The unit prices of the furniture were not advanced by the appraiser. Upon entry of the merchandise the importer deducted from the invoice value a total of $74, Hong Kong currency, or 50 cents Hong Kong for each package, as the cost of shipping and drayage. The United States appraiser at Los Angeles advanced the value of the merchandise by disallowing part of the charge for shipping and drayage. The following statement appears in red ink on the consular invoice:

Should be 11½ cents H. K. (in place of 50)—Total non dutiable charge included in price of mdse should be H. K. $17.02.

When the case was called for trial the plaintiff introduced in evidence an affidavit of Frank Gordon Herridge, the secretary of W. R. Loxley & Co., Ltd. The affidavit was received in evidence and marked Exhibit 1. It is stated in the affidavit that:

All our purchases of grass, reed and rattan furniture are made on the basis of F. O. B. steamer, Hongkong. And any charges, such as cartage, lighterage etc., incidental to shipment, are paid by the manufacturers.

The distance between the manufacturer's factory and their warehouse is roughly 2 miles. That between the warehouse and wharf is about 1 mile. The distance between the wharf and the on-carrying steamer varies between 1½ miles to 3½ miles depending on how far from shore the ship's anchorage may be.

The average cost of transportation as given by the manufacturer for carriage etc. from the factory to the ship's side is HK $0.50 per package and the summary is as follows:

\* \* \* \* \* \* \*

No other evidence was submitted although the defendant secured a continuance for the purpose of procuring a report on the subject. The plaintiff claims that the evidence contained in Exhibit 1 is sufficient to make out a *prima facie* case.

Counsel for defendant contends in his brief that the evidence contained in Exhibit 1 is insufficient to overcome the presumption of correctness attaching to the appraiser's return because the affiant is not connected with the manufacturing firm and states merely *the average cost* of the charges rather than the real cost thereof. The defendant cites *United States* v. *Lyons*, 13 Ct. Cust. Appls. 639, T. D. 41484, in which it appears that the appraiser fixed an arbitrary rate for freight from the principal market to the port of shipment. The court held that the actual amount paid for the freight should be deducted.

The appraisement in this case has the presumption of correctness, that is, it must be presumed that the amount allowed by the appraiser for shipping and drayage was the actual cost thereof. I am of opinion that, under the ruling in the case above cited, the statement in Exhibit 1 that the "average cost of transportation \* \* \* is HK $0.50 per package" is not sufficient to prove that the actual cost was more than or different from that returned by the appraiser.

As the evidence presented is not sufficient to overcome the presumption of correctness attaching to the appraiser's action, the appeal for reappraisement is hereby dismissed, citing *Charles A. Johnson & Co.* v. *United States*, 17 C. C. P. A. 107, T. D. 43432. Judgment will be entered in favor of the defendant.