(A.R.D. 211)

UNITED STATES v. BUD BERMAN SPORTSWEAR, INC.

Entry No. 704803.

Third Division, Appellate Term

(Decided June 28, 1966)

*John W. Douglas*, Assistant Attorney General (*Glenn E. Harris*, trial attorney), for the appellant.

*Barnes, Richardson & Colburn* (*Hadley S. King* and *Norman C. Schwartz* of counsel) for the appellee.

Before DONLON, RICHARDSON, and LANDIS, Judges

DONLON, Judge: This case is before us on the appeal of the Government from the decision of the trial judge in reappraisement, and particularly as to those findings which held that the price at which the merchandise at bar was sold was an *ex*-factory price, that the presumptions of the so-called separability rule were, in the circumstances of this case, available to appellee-plaintiff, and that the proofs of appellee-plaintiff sufficiently established what the *ex*-factory price of the merchandise at bar was. *Bud Berman Sportswear, Inc.* v. *United States*, 55 Cust. Ct. 574, Reap. Dec. 11056.

No appeal was taken from certain other of the trial judge's findings of fact, namely, findings numbers 1, 3, and 4, or from his conclusion of law number 1. The merchandise consists of men's cotton shirts which were exported from Hong Kong on or about May 26, 1963. The merchandise was invoiced by the seller and entered by the importer at *ex*-factory unit prices. Appraisement was on the basis of export value, as defined in section 402(b) of the Tariff Act of 1930, as amended. Those findings are not in issue on this review.

The first issue before us is whether the record supports the finding below that the basis for determining export value of these shirts is an *ex*-factory price.

This merchandise consists of men's shirts, exported from Hong Kong and entered on July 5, 1963. These shirts are not an item that appears on the Final List issued by the Secretary of the Treasury under the Customs Simplification Act of 1956, effective February 27, 1958. (T.D. 54521.) Therefore, the merchandise at bar is to be appraised under the new law. If there is an export value, and there is no appeal from the finding below that the proper basis for appraising the merchandise is export value, that export value is to be determined under new section 402(b).

The record, which contains both oral testimony and documentary evidence, including reports of customs agents and affidavits, shows that such or similar shirts were sold both at *ex*-factory and f.o.b. prices, and that offers to sell were on either basis, at the buyer's choice. That is to say, the shirts were sold on both bases, but they were offered freely at either *ex*-factory or f.o.b. prices.

As to merchandise which, like this, is not on the so-called Final List of the Treasury Department, the export price at which merchandise is to be valued, by express statutory provision, is *the price* on sales or, *in the absence of sales*, the price at which the merchandise is freely offered for sale.

The new statute, applicable here, seems not yet to have been before our appeals court on the issue whether, with sales both at *ex*-factory and f.o.b. prices shown in the record, *a price* within the purview of the statute has been shown; or whether, given such a record, there is shown an absence of the freely made sales which the statute contemplates so that, to prove export value, there must be resort to the price of freely made offers.

The similar language as to American selling price was, however, before our appeals court in *Aceto Chemical Co., Inc.* v. *United States*, 51 CCPA 121, C.A.D. 846, decided in 1964, which is cited by appellee in its brief. The court in *Aceto* held that the words "in the absence of sales" cannot be given their "literal meaning"; that where there is not such a selling price as serves the purposes of the statute, there is an absence of sales to establish the price at which the merchandise is freely sold; and it was the intention of Congress that, in such circumstances, resort should be had to proof of offers as the measure of American selling price. We see no significant distinction between the language there construed and the language, defining export value under the Customs Simplification Act of 1956, which is now before us for construction.

In *Albert Mottola, etc.* v. *United States*, 46 CCPA 17, C.A.D. 689, Judge (now Chief Judge) Worley, speaking for a unanimous court, said:

* * * the 1930 Act does not contemplate that inland freight charges in the country in which the merchandise originates are ordinarily to be included in the export value. As was clearly indicated in the *Straub* decision, such charges are not to be included if the merchandise can be purchased in the principal market at a price which does not include the charges. * * * [P. 19.]

Here the merchandise at bar, on the evidence before us, was freely offered at an *ex*-factory price. That is to say, it could be purchased by any one at a price which did not include inland freight charges. Therefore, following the precedents of *Aceto* and *Mottola*, the inland charges on the merchandise are not included in export value.

Appellant cites *Valley Knitting Co., Inc., et al.* v. *United States*, 44 Cust. Ct. 599, Reap. Dec. 9627, in support of its argument that there is

a defect in appellee's case, in that there is nothing in the instant record establishing that the invoice unit price is the price at which such merchandise was freely *sold* to *all* purchasers, as the trial judge found. (Plaintiff brief, p. 18.)   We agree, not on authority of *Valley Knitting Co.* but of *Aceto, supra.*

We find no one price at which these shirts were sold to all purchasers, but we do find that the merchandise was freely offered at an *ex*-factory price.   The proofs adduced support this finding.   They support also a finding that appraised value was computed by the examiner by adding to *ex*-factory price a charge for inland freight, so as to arrive at the equivalent of an f.o.b. price.

Appellant argues that the testimony the examiner gave is inadmissible.   We agree with the trial judge that it was admissible, being a factual recital of what the examiner did in computing appraised value.

Appellant argues that, even on a record that includes the examiner's testimony, the presumptions of the separability rule are not available to appellee.   We associate ourselves with the opinion of the trial judge, both as to the weight to be accorded the examiner's testimony and as to the right of appellee, on the record before us, to rely on the presumption that the appraiser had correctly found all the elements of export value save that which appellee controverted, namely, the addition to *ex*-factory invoice price of an item described by the examiner as the inland charges which were enumerated on the invoice.   We see no useful purpose to be served by elaborating here on the well reasoned opinion below as to the separability rule.

We find, as facts, as follows:

1.   The merchandise involved in the instant appeal for reappraisement consists of men's cotton dress and sport shirts exported from Hong Kong on or about May 26, 1963.

2. The merchandise was invoiced and entered at *ex*-factory unit prices.

3.   The merchandise was appraised at values equivalent to f.o.b. port of exportation prices.

4.   The appraisement was made on the basis of export value, as such value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

5.   The record establishes that the *ex*-factory prices and charges, as invoiced, were considered by the appraiser to be correct, and that a proportionate part of the inland charges enumerated in the invoice was added to invoice *ex*-factory price to arrive at appraised value.

6.   At or about the time of exportation, such or similar merchandise was sold for export to the United States at prices that varied as to basis, either *ex*-factory or f.o.b.

7.   At or about the time of exportation, such or similar merchandise was freely offered for sale to all purchasers for export to the United States at *ex*-factory prices.

We conclude:

1. That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise covered by this appeal for reappraisement.

2. That under the circumstances under which the appraiser accepted *ex*-factory price and inland charges as invoiced, the appraisement is deemed to be separable, and the invoiced unit prices are, therefore, clothed with a presumption of correctness.

3. That the invoice unit price, exclusive of any charges over and above the said price, is the export value for each of the items of merchandise herein involved.

Judgment will be entered accordingly.