UNITED STATES *v.* BUD BERMAN SPORTSWEAR, INC. (No. 5270)*

United States Court of Customs and Patent Appeals, December 7, 1967

*Carl Eardley,* Acting Assistant Attorney General, *Andrew P. Vance,* Chief, Customs Section, *Glenn E. Harris* for the United States.

*Barnes, Richardson & Colburn (Hadley S. King, Norman C. Schwartz,* of counsel) for appellee.

[Oral argument October 2, 1967 by Mr. Harris and Mr. King]

Before WORLEY, Chief Judge, and Judges RICH, SMITH, ALMOND, KIRKPATRICK**

RICH, Judge, delivered the opinion of the court:

This appeal is from the judgment of the United States Customs Court, Third Division, Appellate Term, 57 Cust. Ct. 733, A.R.D. 211 (1966), affirming the judgment of a single judge in reappraisement, 55 Cust. Ct. 574, R.D. 11056 (1965).

The imported merchandise consists of men's cotton shirts, manufactured by Smart Shirts Manufacturers, Ltd.,[1] in Hong Kong. The shirts were appraised on the basis of export value.[2] The propriety of

---

*C.A.D. 929.

**Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

[1] Hereinafter "Smart Shirts."

[2] Export value is defined by § 402(b) of the Tariff Act of 1930, 46 Stat. 708, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, as follows:

(b). EXPORT VALUE.—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the

that basis is uncontroverted. The issue is whether the export value has been properly determined.

The merchandise was initially appraised at a value equivalent to the sum of the invoiced ex-factory prices and inland charges. The single judge held that the inland charges had been improperly included. The appellate term agreed. The government brought this appeal. We decide there is substantial evidence in the record to support the decisions below.

Appellee introduced evidence tending to show that the appraisement had been made at f.o.b. Hong Kong prices [3] and that Smart Shirts offered to sell merchandise similar to the imported shirts at f.o.b. or ex-factory prices, whichever the buyer preferred.[4]

The government concedes, for purposes of this appeal, that this particular transaction, between appellee and Smart Shirts, was on an ex-factory basis and that the inland charges were paid by Smart Shirts for appellee. The government argues, however, that the record contains "not one iota of evidence" of actual prices, whether f.o.b. or ex-factory, at which merchandise was offered to purchasers *other* than appellee. The government urges that it was therefore logically impossible for the tribunals below to have determined *any price* at which this merchandise was freely sold or freely offered. In the absence of such proof, the government insists, the value found by the appraiser must stand. 28 U.S.C. 2633 (1964).

This asserted void in appellee's proof was filled by the single judge as follows:

The burden which a plaintiff in a reappraisement case is required to assume is always onerous. If, without disturbing settled principles of law, the task can be lightened, the court should be inclined to favorable consideration of such an approach. It is the function of the court in these actions to determine the value of imported merchandise, and if there are reasonable ways of achieving that goal, they should be pursued. There can be little doubt in the instant case that the appraiser considered the ex-factory prices to be representative of

---

merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

[3] Appellee called Mr. Harry Fichtenbaum, a customs examiner for the Port of New York, who had '(arvisorily recommended" the appraisement. He testified that the figures he had used represented his concept of f.o.b. Hong Kong value, that the appraisement included the charges itemized on the invoice and that the f.o.b prices were arrived at by adding a percentage of the inland charges to the ex-factory unit prices shown. It was stipulated that the Assistant Appraiser at the port of New York had approved the action of the examiner.

[4] Appellee called Mr. William T. L. Yao, managing director of Smart Shirts, who testified, inter alia, that in the period 1960–1963 he offered shirts for sale to everybody for export to the United States both ex-mill and f.o.b., at the buyer's slection. He further testified that he had done business with Montgomery Ward, Woolworth and C.B.S. Imports during that period, selling f.o.b. only to Woolworth.

the prices at which such or similar cotton shirts were freely sold to all purchasers for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade. And it is reasonable under the circumstances obtaining in this case to allow the plaintiff to rely upon those findings.

The only question which should, therefore, concern the court here is whether or not the record establishes that ex-factory sales were in fact made, and at prices which did not include the questioned charges.

The government disputes this analysis with considerable vigor:

From the appraiser's finding of f.o.b. values and his necessary rejection of any and all ex-factory prices, even if he "considered" that appellee may have managed to purchase as the invoice here alleges, there can on principle flow no "presumption" that if the appraiser had found that the merchandise was freely sold or offered at ex-factory, the price at which it was so sold or offered to *all* purchasers was that at which appellee managed to purchase. The decision below necessarily rests, it would seem, on the erroneous supposition that *if* the appraiser had seen fit to appraise at an ex-factory rather than an f.o.b. price, he would have been bound to do so at the ex-factory price alleged on appellee's invoice—we can only say that it simply and clearly is not so.

The appellate term did not agree with the single judge that the shirts were freely *sold* at one price to all purchasers. It found, however, that the shirts were so *offered* at an ex-factory price.

On the issue of whether appellee could rely on the ex-factory component of the appraisement and at the same time dispute the applicability of the inland charges—the "separability" issue—the court said:

We associate ourselves with the opinion of the trial judge, both as to the weight to be accorded the examiner's testimony and as to the right of appellee, on the record before us, to rely on the presumption that the appraiser had correctly found all the elements of export value save that which appellee controverted, namely, the addition to *ex*-factory invoice price of an item described by the examiner as the inland charges which were enumerated on the invoice. We see no useful purpose to be served by elaborating here on the well reasoned opinion below as to the separability rule.

The main issue in the case, therefore, concerns the application of the "separability rule" to cases involving disputed inland charges.

We have discussed this very matter at some length in our recent opinion in *Chadwick-Miller* v. *United States*, 54 CCPA 93, C.A.D. 914. We see no reason for an extensive review here. We will briefly comment, however, on the government's argument based on the asserted illogic of the decision below and, implicitly of *Chadwick-Miller*.

We do understand that there is no necessary relationship between the ex-factory price which is here a component of the appraised value and ex-factory prices which may be offered to others by Smart Shirts. Neither, of course, is there any necessary relationship between appraised value and the export value under the statute. However, the statute prescribes a presumptive equivalence in the latter situation. This is not a matter of logic but of law. We do not think that ██ the Cus-

toms Court necessarily acted improperly in its derivation here of the subsidiary presumption that the ex-factory price used by the appraiser is the one offered to all if, in fact, *an* ex-factory price is offered to all.

The single judge, as we understand his opinion, reasoned that the legal effect of the appraisement and the appraiser's testimony was to establish the f.o.b. transaction, which apparently took place, as typical. He, therefore, limited the proof required of appellee to that necessary to negate the presumption that the imposition of inland charges was typical. We cannot say that his attempt thus to fashion a framework of convenience for the analysis of disputed appraisements has too insubstantial a basis to stand. The value of this kind of presumption is, after all, an intensely practical affair and one which the trial court is especially competent to judge.

The government also argues that the appellate term abused its discretion in its refusal to remand the case to the trial judge for the consideration of newly discovered evidence. Appellee's witness testified that the Montgomery Ward Company was among the buyers who purchased shirts on an ex-factory basis from Smart Shirts, and that it, in fact, handled its own inland shipping and warehousing. The trial judge referred to this testimony several times in his opinion. Immediately upon the publication of that opinion the government *began* an investigation of the testimony and turned up some evidence tending to show its falsity. The appellate term, without opinion, denied a motion to remand.

The government suggests that these facts make out a clear case of abuse of discretion on the part of the appellate term but makes no effort to point out the limits of that discretion or criteria for its exercise. Neither are any helpful precedents cited on the point. Abuse of discretion will not be lightly inferred. The government's burden here is heavy. It has not been met.

The judgment below is *affirmed.*