(R.D. 11656)

HADDAD & SONS, INC. *v.* UNITED STATES

Entry No. 24876

(Decided April 1, 1969)

*James G. McGoldrick* for the plaintiff.

*William D. Ruckelshaus,* Assistant Attorney General (*Brian S. Goldstein,* trial attorney), for the defendant.

RAO, Chief Judge: The merchandise involved in this appeal for reappraisement consists of cotton gingham children's shirts exported from Japan and entered at the port of New York. They were invoiced at an ex-factory unit price of $2.90 per dozen plus listed export charges. Entry was made at the total invoice amount less charges for packing and labels. The merchandise was appraised at $3.205 per dozen, net, packed.

It was stipulated at the trial that the merchandise does not appear on the Final List promulgated by the Secretary of the Treasury, 93 Treas. Dec. 14, T.D. 54521, and that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of appraisement. Plaintiff claims that the appraised value includes a commission which is a *bona fide* buying commission and not properly part of the export value.

The special customs invoice received in evidence at the trial as part of the official papers gives the ex-factory price of the merchandise as $2.90 per dozen and lists as export charges: carton and packing, cost of label, inland freight from Hiyogo to Kobe, storage, insurance premium from godown to on board, hauling and lighterage, and buying commission. The total ex-factory price and charges for 600 dozen is given as $1,923.

Written in red ink on the invoice are the words "Appd at $3.205 per doz. net pkd."

At the trial, Harry Fichtenbaum, customs examiner, testified that he examined the merchandise involved herein and that at that time he had the official invoice documents before him. He noted the various items stated on them, including the invoiced unit price ex-factory, the total invoiced unit price ex-factory, all the various charges and items listed thereon, the grand total, and the quantity of merchandise involved. He stated that he appraised the merchandise at an f.o.b. price, net, packed. He noted that the importer had entered the merchandise

at the invoiced grand total less the itemized charges. In making his appraisement, he had added back the charges which the importer had deducted.

It was stipulated that the advisory appraisement by the examiner was adopted by the appraiser as the official appraised value.

There was received in evidence as exhibit 1 in this case an affidavit of Yasuo Namekawa, president of The Tosho Co., Ltd. (hereinafter called Tosho). This was also received in evidence in *Reliance Intercontinental Corp.* v. *United States*, R63/3235, 62 Cust. Ct. 845, R.D. 11639, and *Carolina Mfg. Co.* v. *United States*, R63/5931, 62 Cust. Ct. 850, R.D. 11640. It is stated therein that Mr. Namekawa has been president of Tosho for 15 years and has personal knowledge of all its business affairs. As chief managing officer, it was his duty to supervise the business and commercial relationships and affairs of the company. He stated that Tosho has been engaged in the export and import business in Japan for many years; that it makes purchases of Japanese products and sells them for export to the United States, and that it also acts as agent on behalf of United States buyers for the purchase of Japanese products and as a shipping agent.

The affidavit states that since February 7, 1951, Tosho has represented Haddad & Sons, Inc. of New York (hereinafter called Haddad & Sons), as an agent authorized to place orders on the latter's instructions and as a shipping agent of Japanese products purchased in Japan by Mr. Moysh Haddad, secretary-treasurer and chief buyer of Haddad & Sons. According to the affidavit, an agreement was executed on February 7, 1951, signed by affiant and Mr. Haddad, authorizing Tosho to represent Haddad & Sons in Japan. The agreement authorized Tosho to place orders on written authorization or order from Haddad & Sons, to make inspection of goods purchased, to accept delivery after approving the quantities and quality of the goods, and to arrange for shipments to the United States. For those services Tosho was entitled to a commission of 3 percent of the total ex-factory price of the goods purchased, which rate was later increased to 5 percent.

The affidavit also states that the services rendered by Tosho included the services of its personnel in translating for visiting buyers, handling all details incident to delivery of the merchandise from the manufacturers, inspecting it, arranging for its shipment, gathering samples, obtaining quotations, and placing orders on instructions of the principal. In every instance where Tosho acted for a principal and signed a customs invoice, it had no interest in the sales price paid to the seller and was compensated solely by the invoiced buying commission.

It appears from the official papers that the merchandise involved herein was manufactured and sold by Nishiyama Seni Kogyo K. K. of Hiyogo, Japan, and that Tosho shipped it to Haddad & Sons.

The testimony of Mr. Moysh Haddad as given in another case, *Haddad & Sons, Inc.* v. *United States*, R63/5111, was incorporated herein. Mr. Haddad testified that his firm had an agreement with Tosho under which Tosho was to render it services in Japan. Those services included inspecting merchandise to see that it conformed to specifications, having a representative present when Mr. Haddad made purchases in Japan, to make a record of the transaction and to serve as interpreter, arranging for payment and for the shipment of the goods. For those services Tosho was to receive a buying commission of 5 percent of the ex-factory price of the merchandise.

Mr. Haddad testified that when he made the purchase involved in R63/5111, a representative of Tosho was with him and acted as interpreter. The witness said he made the purchase himself at the manufacturer's factory.

As in the two previous cases, *Reliance Intercontinental Corp.* v. *United States, supra,* and *Carolina Mfg. Co.* v. *United States, supra,* two questions are presented for determination: First, whether the appraisement is separable so that plaintiff may rely on the presumption of correctness as to all elements of value except the contested item, and second, whether the record establishes that the commission paid to Tosho was a *bona fide* buying commission and thus not properly a part of dutiable export value.

Where an appraisement as noted on the invoice is at a unit value, net, packed, but the testimony of the examiner establishes that it was made up of the invoice unit price plus a proportionate share of the charges, including a buying commission, the appraisement is separable and plaintiff may challenge the inclusion of the commission as a part of the dutiable export value, while relying upon the presumption of correctness as to the other elements of value. *United States* v. *Gehrig Hoban & Co., Inc.,* 54 CCPA 129, C.A.D. 924; *United States* v. *Chadwick-Miller Importers, Inc., et al.,* 54 CCPA 93, C.A.D. 914; *United States* v. *Bud Berman Sportswear, Inc.,* 55 CCPA 28, C.A.D. 929.

In the instant case the appraisement as noted on the invoice was at a unit value, but the testimony of the examiner indicates that it was arrived at by adding back to the entered value the invoice charges which the importer had deducted. These included the buying commission, the amount of which is stated on the invoice and which is equal to 5 percent of the total invoiced ex-factory price. Under these circumstances, the appraisement may properly be treated as separable and plaintiff may challenge the inclusion of the commission as a part of dutiable value, while relying upon the presumption of correctness as to the other elements of value. *Bud Berman Sportswear, Inc.* v. *United States,* 55 Cust. Ct. 574, Reap. Dec. 11056, aff'd *United States* v. *Bud Berman Sportswear, Inc.,* 57 Cust. Ct. 733, A.R.D. 211, aff'd

55 CCPA 28, C.A.D. 929; *United States* v. *Shalom & Co.*, 57 Cust. Ct. 767, A.R.D. 216, appeal dismissed January 10, 1968; *United States* v. *Gehrig, Hoban & Co., Inc., supra.*

Commissions paid by the purchaser to agents for services rendered in procuring merchandise, inspecting and packing goods, arranging for shipment and acting as a paymaster for account of the buyer, no part of which commissions inure to the benefit of the seller, are buying commissions and are not part of dutiable value. *United States* v. *Nelson Bead Co.*, 42 CCPA 175, C.A.D. 590; *United States* v. *Gitkin Co.*, 46 Cust. Ct. 788, A.R.D. 132; *Lollytogs, Ltd.* v. *United States*, 55 Cust. Ct. 608, R.D. 11073; *United States* v. *Supreme Merchandise Company*, 48 Cust. Ct. 714, A.R.D. 145.

In the instant case, the affidavit of Mr. Namekawa and the testimony of Mr. Haddad establish that Tosho was appointed as the agent of Haddad & Sons to place orders upon the authorization of the Haddad firm, to inspect merchandise, to accept delivery, and to arrange for shipment and payment. The evidence also indicates that Tosho performed these services and that its employees assisted Mr. Haddad when he came to Japan to purchase merchandise. Although Mr. Haddad's testimony referred to another transaction, the stipulation of the parties incorporating the testimony is to the effect that he would have testified to questions as to this transaction in the same way. The official papers give the name of the seller in Japan and show that the merchandise was shipped by Tosho to Haddad & Sons. There is no evidence that Tosho was the seller or that any part of the commission inured to the benefit of the seller.

In the absence of contradictory evidence, the record presented here is sufficient to establish that Tosho was a *bona fide* buying agent. Its commission, therefore, is not properly a part of dutiable export value.

On the record presented, I find as facts:

1. That the merchandise involved herein consists of cotton gingham children's shirts exported from Japan and entered at the port of New York.

2. That the merchandise does not appear on the Final List promulgated by the Secretary of the Treasury, 93 Treas. Dec. 14, T.D. 54521.

3. That the merchandise was appraised on the basis of export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

4. That the merchandise was invoiced at an ex-factory unit price of $2.90 per dozen plus listed export charges; that entry was made at the total invoice amount less charges for packing and labels.

5. That the merchandise was appraised at $3.205 per dozen, net, packed, which is equivalent to the f.o.b. port of exportation price.

6. That the record establishes that the appraiser included in his appraised value the ex-factory unit price plus a proportionate share

of the export charges, including a buying commission of 5 percent on the ex-factory price.

7. That plaintiff employed The Tosho Co., Ltd., as its agent to assist in the purchase of merchandise and to perform other services in connection with the shipment and payment thereof.

8. That for such services, plaintiff paid The Tosho Co., Ltd., a commission of 5 percent of the ex-factory price of the merchandise.

I conclude as matters of law:

1. That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise involved herein.

2. That in view of the evidence showing that the appraiser made his appraisement on the basis of the invoice unit price plus export charges which included a 5 percent commission, the appraisement is deemed to be separable and the invoice unit price together with the unchallenged charges are clothed with a presumption of correctness.

3. That the 5 percent commission paid by plaintiff to The Tosho Co., Ltd., was a *bona fide* buying commission which formed no part of the value of the merchandise.

4. That the export value of said merchandise is the appraised value less a commission of 5 percent of the ex-factory price.

Judgment will be entered accordingly.