(R.D. 11657)

BUD BERMAN SPORTSWEAR *v*. UNITED STATES

Entry No. 713280.

(Decided April 3, 1969)

*Barnes, Richardson & Colburn* (*Hadley S. King* and *Norman C. Schwartz* of counsel) for the plaintiff.

*William D. Ruckelshaus,* Assistant Attorney General (*Glenn E. Harris,* trial attorney), for the defendant.

RAO, Chief Judge: This is an appeal for reappraisement of an importation of men's cotton sport and dress shirts from Hong Kong. The items of merchandise were entered at their invoice unit prices per dozen, which were exclusive of handling and freight charges. They were appraised at f.o.b. unit prices per dozen which, as will be explained, *infra,* were approximately 2.3 per centum more than the ex-factory prices.

At the trial of this case the parties hereto entered into the following stipulation which was read into the record:

(1) That Mr. Harry Fichtenbaum, formerly a line examiner of merchandise at the Port of New York, advisorily appraised the instant merchandise at the red ink figures indicated on the invoice covered by the above entitled appeal for reappraisement. This being the case before the Court this morning.

(2) That his advisory appraisements were based upon the statutory export value, as defined in Section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, of "such" merchandise, as defined under Section 402(f) (4)(A) of the Tariff Act of 1930, as amended by the Customs Simplification Act; that neither party challenges the said basis of appraisement.

(3) That in arriving at his advisory values, Mr. Fichtenbaum determined that such merchandise was freely sold or offered for sale for exportation to the United States only at a price which included, as an integral part thereof, delivery by the seller F.O.B. ship, and he therefore added to the "ex-factory" prices invoiced in the instant entry an amount which he determined in each instance to be the pro-rata share of the invoiced "Handling Charges Paid For Your Behalf," totaling $1,152.76.

(4) That the former Assistant Appraiser at the Port of New York, Aaron Bodner, adopted the values advisorily returned by Examiner Fichtenbaum and that such values became the official appraised values for the merchandise herein.

(5) That the sole issue herein is whether such merchandise was, at or about the time of exportation thereof, freely sold or freely offered for sale to all purchasers, for exportation to the United States, on an ex-factory basis.

That ends the proposed stipulation.

MR. HARRIS: We so stipulated, your Honor.

Said section 402(b) reads as follows:

(b) EXPORT VALUE.—For the purposes of this section, the export value of imported merchandise shall be the price, at the

time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold, or in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

The record in this case further consists of the affidavit of Mr. William T. L. Yao, managing director of Smart Shirts Manufacturers, Ltd., of Hong Kong, manufacturer of the imported shirts, and the record in *Bud Berman Sportswear, Inc.* v. *United States*, 55 Cust. Ct. 574, Reap. Dec. 11056, affirmed *Id.* v. *Id.*, 57 Cust. Ct. 733, A.R.D. 211, affirmed *Id.* v. *Id.*, 55 CCPA 28, C.A.D. 929, incorporated herein. The incorporated case involved the same or similar imported shirts as in this present action. In that case, the said Mr. Yao appeared and gave testimony in behalf of the importer. Other evidence offered was testimony by Mr. Harry Fichtenbaum, customs examiner [1] at the port of New York, who also was the examiner in the present case, a report submitted by the defendant, drawn up by Mr. Stewart H. Adams, the United States Customs Representative at Hong Kong, and various contracts and written memoranda depicting the dealings between the plaintiff and Smart Shirts.

The issue in the incorporated case which is the same as that in the present case was therein stated to be "when and under what circumstances charges which accrue subsequent to the time when goods manufactured in a foreign country leave the factory, or the principal market, are part of the market value of such or similar merchandise."

It is a well established principle that where goods are freely offered for sale or are sold ex-factory, or in the principal market of the country of exportation if it be other than the factory, at prices exclusive of inland freight and other charges involved in transporting the merchandise to the port of exportation, then such additional charges are not part of the statutory value of the merchandise. *United States* v. *Lyons*, 13 Ct. Cust. Appls. 639, T.D. 41484. However, where these costs are included in purchase price of the merchandise, and the items are not offered for sale or sold without their inclusion, then said charges become an integral part of the actual cost of the goods and thus become part of the statutory value of the imported merchandise. *Albert Mottola, etc.* v. *United States*, 46 CCPA 17, C.A.D. 689.

By statute, the value found by the appraiser is presumed to be the value of the merchandise, and the burden falls upon the plaintiff not only to disprove the appraisement, but to prove the value as claimed.

---

[1] Now called import specialist.

28 U.S.C., section 2633; *Brooks Paper Company* v. *United States*, 40 CCPA 38, C.A.D. 495.

Ordinarily, to achieve this result, the challenging party is required to establish every issue material to the case, and if he fails to do so, the value set by the appraiser will stand. *Brooks Paper Company* v. *United States*, *supra*. However, the courts have held that where the appraisement consists of a combination of two or more separable elements which have been joined to reach a final value, and where the party challenging said appraisement does not question all of the components, then that party may rely upon the presumption of correctness to establish that part of the appraised value not in contention, where to do so will not destroy the balance of the appraisement. *United States* v. *Dan Brechner & Co.*, 38 Cust. Ct. 719, A.R.D. 71, *Bud Berman Sportswear, Inc.* v. *United States*, *supra*.

In this case, as in the incorporated *Bud Berman* case, the appraised value was determined by adding to the ex-factory prices on the invoice an amount calculated to be the pro rata share of the invoiced handling charges to wit approximately 2.3 per centum of the ex-factory prices. It is the addition of this amount to the ex-factory unit prices to which plaintiff is objecting.

Under the rule of the *Brechner* and *Bud Berman* cases, *supra*, and of our appellate court's recent decision in *United States* v. *Chadwick-Miller Importers, Inc.*, *et al.*, 54 CCPA 93, C.A.D. 914, where an appraisement is stated in terms of an ex-factory price plus disputed charges, the appraisement is separable and the party challenging it may rely upon the presumption of correctness as to all elements thereof not contested. Here, since plaintiff does not challenge the *per se* invoice unit prices which were presumptively adopted by the appraising official, it need only establish that merchandise such as that here involved was in fact freely offered for sale or sold on an ex-factory basis exclusive of the disputed charges.

Plaintiff's witness, Mr. Yao, testified that it was specifically agreed upon between his company and Bud Berman that the prices for the shirts were on an ex-factory, rather than f.o.b. basis. Mr. Yao also testified that Smart Shirts sold on an ex-factory basis, during the time of the Bud Berman sales, whenever possible, and sales were made in this manner to Montgomery Ward and a company identified as C.B.S. Further substantiation of this fact is the introduction by plaintiff, with Mr. Yao's affidavit, of various memoranda outlining transactions between Smart Shirts and Montgomery Ward. These papers clearly establish sales of shirts to Montgomery Ward on an ex-factory basis.

This evidence, added to that adduced in the incorporated *Bud Berman* case, provides sufficient proof to establish that such or similar merchandise as that involved here was freely sold or offered for

sale to all purchasers at ex-factory prices, exclusive of the disputed charges. Accordingly, and under the principles hereinabove expressed, said charges were not properly a part of the export value of the merchandise here in issue. The court therefore makes the following findings of fact:

1. The merchandise involved in the instant appeal for reappraisement consists of dress and sport shirts exported from Hong Kong.

2. Said merchandise was invoiced and entered at ex-factory prices.

3. Said merchandise was appraised at f.o.b. port of exportation prices, expressed in terms of the invoiced unit prices, plus a pro rata percentage of the handling charges as invoiced.

4. The appraisement was made on the basis of export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

5. The record establishes that at or about the date of exportation, sales of such or similar merchandise were freely made for exportation to the United States on an ex-factory basis exclusive of said handling charges.

The court, therefore, concludes:

1. That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for determination of the value of the merchandise herein covered by this appeal for reappraisement.

2. That the appraisement is deemed to be separable and susceptible of partial challenge of the handling charges without disturbing the presumption of correctness of the invoiced unit prices.

3. That the invoice unit prices, exclusive of any charges over and above said prices, represent the export value of each of the items of merchandise herein involved.

Judgment will be entered accordingly.