(R.D. 11532)

INTERNATIONAL EXPEDITERS, INC. v. UNITED STATES

Entry No. 22078.

(Decided May 27, 1968)

*Walter E. Doherty, Jr.; William T. Conlan,* associate counsel; for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Barnard J. Babb,* trial attorney), for the defendant.

FORD, Judge: This case was originally tried, submitted, brief filed by plaintiff, and then suspended pending decision in *United States* v. *Chadwick-Miller Importers, Inc., et al.,* 54 CCPA 93, C.A.D. 914. The merchandise consists of a profile grinding machine and accessories which were appraised on the basis of export value as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, the

merchandise not appearing on the final list promulgated by the Secretary of the Treasury as set forth in 93 Treas. Dec. 14, T.D. 54521. The appraisement was made at the invoiced value, plus items marked "X" which include, insofar as is contested herein, inland freight, shipping charges, and buying commission.

It is the position of plaintiff that the instant appraisement is separable and as such it may rely upon the presumption of correctness attaching to all elements of appraisement not under contest. This is a basic principle of law in this field of jurisprudence. Appraisements at the invoiced price, plus items marked "X", have been consistently held to be separable. *United States* v. *Fritzsche Bros., Inc.*, 35 CCPA 60, C.A.D. 371; *United States* v. *Chadwick-Miller Importers, Inc., et al., supra.*

An appraisement which includes inland charges and shipping charges is based upon the ground that the sale was f.o.b. rather than ex-factory. The evidence of Mr. MacArthur negates this as a fact. The witness visited the manufacturer with a representative of Matsuzaka Trading Co., who acted as interpreter, and at which time an ex-factory price was negotiated. This is confirmed in the evidence of Mr. Kato, plaintiff's exhibit 1, of Matsuzaka, who was the representative who accompanied Mr. MacArthur, as well as plaintiff's exhibit 2, an affidavit of the director of the manufacturer. I, therefore, hold the merchandise to be freely offered, ex-factory, and the charges for inland freight and shipping not to be part of the dutiable value. *United States* v. *Dan Brechner et al.*, 38 Cust. Ct. 719, A.R.D. 71.

The next item under contest is the buying commission. The courts have held over the years that a *bona fide* buying commission is not properly part of the dutiable value. *United States* v. *Nelson Bead Co.*, 42 CCPA 175, C.A.D. 590; *United States* v. *Alfred Kohlberg, Inc.*, 27 CCPA 223, C.A.D. 88. The oral testimony of the witness, and plaintiff's exhibit 1, substantiate the fact that a *bona fide* buying commission is involved herein and, hence, such commission is not properly part of the dutiable value.

I find as facts:

1. The merchandise covered by this appeal for a reappraisement consists of a profile grinding machine and accessories.

2. Said merchandise was appraised at the invoiced unit value, plus packing, plus items marked "X", which included inland freight, shipping charges, and buying commission.

3. That the merchandise was freely offered for sale to all purchasers at ex-factory prices which did not include inland charges.

4. That Matsuzaka Trading Co. was a *bona fide* buying commissionaire.

I, therefore, conclude that:

1. Export value as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value.

2. That such value is the ex-factory price, plus case and packing charges as shown on the invoice.

Judgment will be entered accordingly.