(R. D. 11533)

STOCKER & YALE, INC. *v.* UNITED STATES

Entry No. A-1106.

(Decided May 27, 1968)

*Walter E. Doherty, Jr.; William T. Conlan,* associate counsel; for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Bernard J. Babb,* trial attorney), for the defendant.

FORD, Judge: The above appeal for a reappraisement was tried, submitted, and briefed by plaintiff and suspended pending decision in *United States* v. *Chadwick-Miller Importers, Inc., et al.,* 54 CCPA 93, C.A.D. 914, under circumstances identical with that in *International Expediters, Inc.* v. *United States,* 60 Cust. Ct. 879, R.D. 11532, decided concurrently herewith.

The merchandise covered by this appeal consists of three sets of lenses which do not appear on the final list promulgated by the Secretary of the Treasury, 93 Treas. Dec. 14, T.D. 54521. Said lenses were appraised on the basis of export value as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, at the invoiced price, plus items marked "X" (inland freight and commission), plus packing.

Plaintiff concedes that the packing charges are properly part of the dutiable value but that the inland freight and commission were erroneously included in said appraisement.

An appraisement at the invoiced price, plus items marked "X" constitutes a separable appraisement. *United States* v. *Fritzsche Bros., Inc.,* 35 CCPA 60, C.A.D. 371; *United States* v. *Chadwick-Miller Importers, Inc., et al., supra.*

Since the appraisement included inland freight, it is based upon the ground that the sale was f.o.b. rather than ex-factory. The evidence of Mr. MacArthur, together with the affidavit of Mr. Kato of Matsuzaka Trading Co., received in evidence as plaintiff's exhibit 1, and the affidavit of the manager of the manufacturer negates an f.o.b. sale.

I, therefore, hold the merchandise to be freely offered ex-factory, and the charges for inland freight not to be part of the dutiable value. *United States* v. *Dan Brechner et al.*, 38 Cust. Ct. 719, A.R.D. 71.

A *bona fide* buying commission has been consistently held by the court not to be properly part of the dutiable value. *United States* v. *Nelson Bead Co.*, 42 CCPA 175, C.A.D. 590; *United States* v. *Alfred Kohlberg, Inc.*, 27 CCPA 223, C.A.D. 88. The oral testimony of the witness, and plaintiff's exhibit 1, substantiate the fact that a *bona fide* buying commission is involved herein, and as such I hold said commission not to be properly part of the dutiable value.

I, therefore, find as facts:

1.   The merchandise covered by this appeal for a reappraisement consists of three sets of lenses.

2.   Said merchandise was appraised at the invoiced unit value, plus packing, plus items marked "X", which include inland freight and commission.

3.   That the merchandise was freely offered for sale to all purchasers at ex-factory prices which did not include inland charges.

4.   That the Matsuzaka Trading Co. was a *bona fide* buying commissionaire.

I, therefore, conclude as matters of law that:

1.   Export value as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value.

2.   That said value is the ex-factory price, plus packing, as shown on the invoice.

Judgment will be entered accordingly.